IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES W. STANLEY, JR.                                                    PLAINTIFF

V.                                   4:06CV659JMM

JO ANNE BARNHART,
COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                        DEFENDANT

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Pending is the Defendant's Motion to Dismiss or, in the alternative, Defendant's Motion for Summary Judgment. Plaintiff was sanctioned by the Defendant and suspended from representation of claimants before the Social Security Commissioner for a period of five years. Plaintiff filed suit against the Defendant alleging that the Defendant acted in violation of 42 U.S.C. § 406, that the Defendant's actions were unreasonable, an abuse of discretion, contrary to law, in excess of statutory jurisdiction and authority, and in violation of his statutory and constitutional rights.

In the Motion to Dismiss, Defendant argues that the Court is without jurisdiction to review Defendant's administrative proceedings under either 5 U.S.C. §§ 704-706 or 42 U.S.C. § 405(g) and that Plaintiff has alleged no colorable constitutional, statutory, or regulatory claim that would otherwise render Defendant's administrative proceedings judicially reviewable. In the alternative, Defendant argues that Plaintiff has failed to state a claim upon which relief may be granted under Rule 12(b)(6) or for summary judgment under Rule 56.

The Court must analyze Defendant's initial contention that the Court lacks subject matter jurisdiction as provided under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Unlike analysis under Rule 12(b)(6), Rule 12(b)(1) allows the Court to consider matters outside of the

pleadings.

> [H]ere the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction--its very power to hear the case--there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Osborn v. U.S.*, 918 F.2d 724, 730 (8th Cir. 1990)(quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

Plaintiff states in his Complaint that pursuant to 42 U.S.C. § 405(g) the Court has jurisdiction to review the Defendant's decision to suspend him. 42 U.S.C. § 405 deals with the evidence, procedure, and certification for payment of federal old-age, survivors, and disability insurance benefits. Subsection (g) provides for judicial review. Specifically, subsection (g) states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g)(eff. March 3, 2005 to July 10, 2006). Plaintiff contends that the words "any individual" in subsection (g) pertains to any individual appearing before the Commissioner of Social Security, not merely any individual appearing before the Commissioner who is seeking federal old-age, survivors, or disability benefits.

The Eighth Circuit has found otherwise. In *Copaken v. Sec. of Health, Education and Welfare*, 590 F.2d 729 (8th Cir. 1979) the court stated, "We are not persuaded that Congress


intended to include attorneys when it provided either for hearings upon the request of 'any individual applying for a payment under this subchapter,' 42 U.S.C. § 405(b), or for judicial review of a final decision when requested by a 'party' to a hearing. *Id.* § 405(g); *See Goodell v. Flemming*, 179 F.Supp. 806, 808 (W.D.N.Y. 1959). Judicial review not provided for in [section] 405(g) is foreclosed by [section] 405(h)." *Copaken v. Sec. of Health, Education and Welfare*, 590 F.2d 729, 731 (8th Cir. 1979) (quoting *Califano v. Sanders*, 430 U.S. 99 (1977)). Therefore, the Court finds that 42 U.S.C. § 405(g) does not confer jurisdiction on this Court to review the Defendant's administrative decision in this case. The Court also finds that neither 42 U.S.C. § 406 nor the APA confer jurisdiction on the Court to review the Defendant's administrative decision in this case. *See* U.S.C. § 406; *Califano v. Sanders*, 430 U.S. 99, 107 (1977)("[T]he APA does not afford an implied grant of subject-matter jurisdiction permitting federal review of agency action.")).

Moreover, even if the Court had jurisdiction to review the Defendant's decision to suspend Plaintiff from representation of claimants before the Commissioner, the Defendant did not act unreasonably as the decision was supported by substantial evidence.

Plaintiff alleges that 20 C.F.R. § 404.1745 is violative of his due process rights because it imposes a "chilling effect" upon representatives seeking to have their attorney's fees agreements administratively reviewed or those seeking to challenge the agency's denial of their attorney's fee agreements. As the Defendant points out, Plaintiff's "chilling effect" claim is an overbreadth challenge. In the Eighth Circuit, overbreadth challenges are limited to those based on First Amendment free speech grounds. *See United States v. Lemons*, 697 F.2d 832 (8th Cir. 1982). "In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine

whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, supra, 455 U.S. 489, 494 (1983). Plaintiff's claim in this instance pertains to his First Amendment right to petition for redress by the courts.  He claims his right to seek review of the agency's decision regarding attorney's fees is restricted by this regulation.  The regulation provides:

> When we have evidence that a representative fails to meet our qualification requirements or has violated the rules governing dealings with us, we may begin proceedings to suspend or disqualify that individual from acting in a representational capacity before us. We may file charges seeking such sanctions when we have evidence that a representative:
>
> (a) Does not meet the qualifying requirements described in § 404.1705;
>
> (b) Has violated the affirmative duties or engaged in the prohibited actions set forth in § 404.1740;
>
> (c) Has been convicted of a violation under section 206 of the Act;
>
> (d) Has been, by reason of misconduct, disbarred or suspended from any bar or court to which he or she was previously admitted to practice (see § 404.1770(a)); or
>
> (e) Has been, by reason of misconduct, disqualified from participating in or appearing before any Federal program or agency (see § 404.1770(a)).

20 C.F.R. § 404.1745 (Feb. 17, 2006).

There is no language in § 404.1745 which restricts Plaintiff, or any other representative, from seeking review of the Defendant's decision regarding fee agreements.  This gives a representative notice of the actions which will cause the Defendant to file charges against him. The regulation applies to all representatives appearing before the Defendant whether or not the representative seeks review of an agency decision.  The Court finds Plaintiff's argument on this

point to be without merit.

Next, Plaintiff contends that 20 C.F.R. §§ 404.1745 and 404.1770(a)(2) do not afford sufficient due process notice to representatives because they fail to specify what conduct is proscribed and because they do not establish guidelines for the Defendant in determining the duration of any suspension. The complainant may succeed in a vagueness challenge "only if the enactment is impermissibly vague in all of its applications." *Village of Hoffman Estates,* 455 at 495. The Supreme Court enunciated standards for evaluating claims of vagueness in *Grayned v. City of Rockford*, 408 U.S. 104, 108-109 (1972). "First, the prohibitions of a statute must be defined clearly enough that a person of ordinary intelligence has a reasonable opportunity to know what is prohibited. Second, the statute must provide standards that are clear enough that those charged with applying the statute are not required to make basic policy decisions on a subjective or arbitrary basis." *Fogie v. THORN Americas, Inc.,* 95 F.3d 645, 650 (8th Cir. 1996)(citing *Grayned*, 408 U.S. at 108-109 (1972)). Because the regulations implicated in this case are primarily economic regulations which cover a narrow subject area and regulate the conduct of business enterprises, the broader, more tolerant test of vagueness is required here. *Village of Hoffman Estates*, 455 U.S. at 498-99.

Applying this standard, the Court finds that the regulations are not unconstitutionally vague or ambiguous. The regulations give fair warning that the Defendant may file charges against a representative when the Defendant has evidence of prohibited conduct by the representative. The regulations refer the representative to the specific actions which are prohibited and provide a framework for the Defendant's determination of the appropriate sanction, i.e., suspension for one to five years or disqualification. 20 C.F.R. §§ 404.1745 and

404.1770.  *See Lemons*, 697 F.2d at 836 (citing *Village of Hoffman Estates*, 455 U.S. at 495 & n. 7.  Further, in order to meet constitutional muster a regulation that provides for disciplinary sanction need not incorporate specific guidelines delineating the appropriate sanction for each violation.  *See e.g., U.S. v. Wyvell*, 893 F.2d 156, 160 (8th Cir. 1990).

Plaintiff also contends that the Defendant violated his due process rights by not requiring proof beyond all reasonable doubt during his hearing.  However, proof beyond a reasonable doubt is not required in a representative sanction proceeding.  The standard of proof is a preponderance of the evidence.  71 F.R. 2871-01 states: "Any *criminal* charges that might be brought against representatives must be proven beyond a reasonable doubt. However, in the decisions made under §§ 404.1770 and 416.1570 in response to administrative charges brought against a representative under §§ 404.1745 and 416.1545, hearing officers decide findings of fact based on the preponderance of the evidence."  71 F.R. 2871-01, 2875 (Jan. 18, 2006)(emphasis added).  The "beyond a reasonable doubt" standard is generally reserved for criminal proceedings, not administrative proceedings such as the one at issue in this case.  *See Addington v. Texas*, 441 U.S. 418, 423-24 (1979).

Plaintiff further contends that the Defendant violated his due process rights by allowing the Appeals Council to make a determination in his case with a two-member panel instead of a three-member panel. According to the record, a three-member panel was convened to consider the Plaintiff's appeal.  The fact that only two members of the panel sustained the ALJ's decision in Plaintiff's case does not violate Plaintiff's due process rights.  Further, 20 C.F.R. § 404.1776 permits a majority decision in such cases.  *See* 20 C.F.R. § 404.1776 ("The panel shall jointly consider and rule by majority opinion on the request for review of the hearing officer's decision,

including a determination to dismiss the request for review.")

Plaintiff argues that the Defendant violated his due process rights by suspending him without the use of any sworn witnesses to offer testimony as to the alleged allegations against him. The record indicates that Plaintiff was given the opportunity to call witnesses and to be fully heard at his hearing.  Plaintiff stipulated to the facts and stated that he had no objections to Defendant's proposed exhibits at the hearing.  Therefore, the Court finds Plaintiff's argument to be without merit.

Finally, Plaintiff argues that 20 C.F.R. § 404.1745 violates 42 U.S.C. § 406(b) because the regulation mandates suspension or disqualification as the only available sanctions against a representative while the statute gives the Defendant discretion.  However, the regulation does not require the Defendant to impose sanctions on representatives unless the Defendant has determined, in her discretion, that a representative has failed to meet qualification requirements or has violated the rules governing dealings with the agency.  Therefore, the Court finds this argument to be without merit.

For these reasons, Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment (Docket # 4) is GRANTED.  The Clerk is directed to close the case.

IT IS SO ORDERED this 14th day of February 2007.

                                                      _____
                                                      James M. Moody
                                                      United States District Judge